### No. 2753

### Second Circuit

---

### PARISH SCHOOL BOARD OF RED RIVER PARISH v. McHANEY

---

(November 6, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Education—Par. 6, 19.

The principal of a public school belonging to and maintained at the joint expense of the parish school boards of two adjoining parishes legally in charge of the school under contract of employment by the school board of one of the parishes is subject to the control only of the school board employing him, and the school board of the other parish is without authority to restrain him by injunction from teaching in the school.

2. Louisiana Digest—Intervention—Par. 5, 9, 13.

An intervenor cannot change the issues between the plaintiff and defendant and cannot raise new issues.
Mayer vs. Stahr, 35 La. Ann. 59.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

Action by Parish School Board of Red River Parish against W. R. McHaney, Parish School Board of Natchitoches Parish, Intervenor.

There was judgment for defendant and intervenor and plaintiff appealed.

Judgment dissolving injunction and dismissing suit affirmed, but otherwise reversed.

Cunningham & Rusca, Stephens & Cagle, of Natchitoches, attorneys for plaintiff, appellant.

Phanor Breazeale, attorney for defendant and intervenor, appellees.

STATEMENT OF THE CASE

REYNOLDS, J. The Parish School Board of the parish of Red River brought suit in the District Court of Natchitoches parish against W. R. McHaney to restrain him from exercising any authority in the Fairview-Alpha High School.

It alleged that the school was situated in Natchitoches parish, near the line dividing that parish from Red River parish,

and was owned and maintained jointly by the parish school boards of the two parishes.

That, without legal authority, W. R. McHaney had assumed charge of the school in the capacity of principal thereof over the petitioner's objection, and refuses to desist therefrom, notwithstanding petitioner's demand that he do so; that unless he is restrained from further interfering with the management of the school petitioner will suffer irreparable injury, and that a writ of injunction is necessary to protect its rights in the premises.

A preliminary injunction was granted, but, on the application of the defendant, he was permitted to bond it.

Plaintiff prayed for orders of appeal, both suspensive and devolutive, from the order permitting defendant to bond the injunction. The court granted it a devolutive appeal only, returnable to the Supreme Court.

The parish school board of Natchitoches parish asked for permission to intervene and intervened in the case.

In its petition of intervention it alleged that the school was the joint property of itself and the parish school board of Red River parish, and was maintained at the joint expense of the two boards; that by agreement between the two school boards the management and control of the school was to be under one or the other of them alternately for the school year of September to May; that under this agreement it was entitled to manage and control the school from September 1, 1922, to the end of May, 1923; that pursuant to that right it had employed the defendant, McHaney, as principal of the school for the school year beginning with September, 1922, and ending with May, 1923; that,

pursuant to his employment, McHaney was in charge of and conducting the school, and that plaintiff had arbitrarily ordered him to surrender control of the school without assigning any reason therefor; that the agreement between the two school boards for the management and control of the school should be upheld by the court and a new one fixed for the future government of the school if the existing one be not reasonable.

It was further alleged that the parish school board of Red River parish was indebted to intervenor in the sum of $600.00 as its half of expenses of maintaining the school paid by intervenor pursuant to the agreement between the two school boards, and that the parish school board of Red River parish had refused to pay the amount notwithstanding demand therefor.

The prayer was for judgment recognizing intervenor's right to exclusive control of the Fairview-Alpha High School for the scholasti year 'beginning September 1, 1922, and ending May 31, 1923, recognizing and enforcing the agreement between the two school boards for the management of the school by each other alternately for a scholastic year beginning September 1, decision by the State Superintendent of Public Education in case of disagreement between them, recognizing and enforcing its contract with W. R. McHaney to teach and act as principal of the school for the scholastic year 1922-1923, and for money judgment against the parish school board of Red River parish for $600.00.

The defendant answered that, by agreement between the two school boards the school was managed by them alternately for a scholastic year at a time; that under this agrement he had taught in and acted as principal of the school during the school year 1921-1922 under employment

by the Red River parish school board; that under the agrement the management of the school for the school year 1922-1923 belonged to the Natchitoches parish school board, and that that board had employed him to teach in and act as principal of the school for the 1922-1923 school year at a salary of $200.00 a month, one-half of which was to be paid by the Red River parish school board; that four months' salary, or $400.00, was already past due and owing to him by the Red River parish school board, and that further salary will become due him by it at the rate of $100.00 per month at the end of each of the months from January to May, 1923, inclusive, and he prays judgment in reconvention against the plaintiff for the salary due and to become due him.

Plaintiff filed an exception to the intervention on the grounds:

1. That there is no such political entity as "School Board of the Parish of Natchitoches"; and

2. That intervenor had no interest in the controversy between plaintiff and defendant.

Plaintiff also filed an exception of no cause or right of action.

Both exceptions were referred to the merits.

Whereupon the plaintiff, reserving its rights under its exceptions, answered, putting at issue the allegations of the intervention.

On these issues the case was tried and there was judgment dissolving the injunction and rejecting plaintiff's demands and dismissing its suit.

And there was judgment in favor of the intervenor and against the plaintiff rec-

ognizing and enforcing the agreement between plaintiff and intervenor:

"That the Natchitoches Parish School Board shall have the full control and management of the Alpha-Fairview High School for the scholastic year 1922-1923, commencing in September, 1922, and ending in May, 1923; that one-half of all of the operating expenses of said school shall be paid monthly by the Red River Parish School Board on notice of said amount due being sent to the Red River Parish School Board authorities by the Natchitoches Parish School Board authorities until the expiration of the scholastic term of said school."

There was also judgment in favor of intervenor and against plaintiff for the sum of $400.00 as one-half of the salary of defendant for the first four months of the scholastic year.

There was also judgment in favor of intervenor and against plaintiff for $180.00 as one-half of the salary of Mrs. W. R. McHaney as teacher in the school for the first four months of the scholastic year.

There was also judgment in favor of intervenor and against plaintiff for $250.00 as one-half the salary of Mrs. Manning as teacher in the school for the first four months of the scholastic year.

Together with 5% per annum interest on each amount from the date of the judgment until paid.

The plaintiff was taxed with all the costs of suit.

From this judgment plaintiff appealed to the Supreme Court. That court, on June 30, 1926, ordered the case transferred to this court.

OPINION
EXCEPTION OF NO CAUSE OR RIGHT OF ACTION

This should have been overruled instead of being referred to the merits. Intervenor

had an interest in preventing a breach by plaintiff of the agreement between them for the management of the Fairview-Alpha High School and of its right under that agreement to exclusive control of the school during the school year 1922-1923; and it also had an interest in maintaining defendant in his position of teacher in and principal of the school during that period as it had a contract with him to so teach and act. This being so, intervenor had a right to intervene in the suit and make common cause with defendant against plaintiff.

This also disposes of the second ground of plaintiff's other exception, that intervenor had no interest in the controversy between plaintiff and defendant.

In respect of the first ground of this other exception, that "there is no such corporation, political or otherwise, in existence, as School Board of the Parish of Natchitoches", the title under which intervenor describes itself in its petition of intervention, this also was properly overruled, as it came too late.

A default was entered on the intervention on December 9, 1922; on December 16, 1922, the default was set aside and a new default entered; on February 19, 1923, the case was set down for trial on its merits for February 24, 1923; and on that day—February 24, 1923—the plaintiff offered to file the exception. Intervenor objected to the filing of the exception on the ground that it came too late, but the objection was overruled and intervenor excepted.

Clearly the exception was offered too late and should not have been allowed to be filed.

## ON THE MERITS

By agreement, implied if not express, between plaintiff and intervenor, and cer-

tainly under the authority of the school laws, the Fairview-Alpha High School was under the exclusive management and control of the Natchitoches Parish School Board for the scholastic year 1922-1923, and the Red River Parish School Board was without right to interfere with such management during that time.

The injunction obtained by plaintiff was properly dissolved.

This brings us to that part of the petition of intervention that asks for a money judgment in favor of intervenor and against the plaintiff.

This demand is in no way connected with or incidental to the demands of plaintiff on defendant, and is a matter in which the defendant had no interest or concern. It was a matter to be determined and adjusted by the two school boards between themselves, as they probably will be by amicable agreement.

But, be that as it may, it was a matter foreign to the controversy between plaintiff and defendant, and intervenor had no right to inject it into the controversy.

Said Chief Justice Bermudez, in Mayer vs. Stahr, 35 Ann. 57, cited in the syllabus:

"An intervenor cannot change the issues between the parties, plaintiff and defendant, and cannot raise new ones. His rights, on a proper interest being shown, are confined to joining or resisting either the plaintiff or the defendant, or to opposing both."

This ruling is in line with that in Clapp & Co. vs. Phelps & Co., 19 La. Ann. 461, and Cahn vs. Ford, 42 La. Ann. 967, 8 South. 477, and we have been unable to find and have not been cited to any authority holding the contrary.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judg-

ment appealed from, insofar as it dissolves the injunction and dismisses plaintiff's suit, be and the same is hereby affirmed, and that, in all other respects, the same be and it is hereby avoided and reversed.

Costs of the lower court to be paid by plaintiff, those of this court by intervenor.